**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 13-00033 |
| Plaintiff, | |
| vs. | **ORDER AND DECISION**<br>**RE MOTION TO DISMISS** |
| JULIAN GERALD BORJA ROBLES, | |
| Defendant. | |

This matter is before the court on Defendant Julian Gerald Borja Robles' Motion to Dismiss Counts 1 through 16 of the Indictment. *See* ECF No. 111. For the reasons discussed more fully herein, the court sets forth the bases for its decision in **DENYING** Defendant's Motion to Dismiss Counts 1 through 16 of the Indictment.[1]

**I. DISCUSSION**

On May 8, 2013, Defendant Julian Gerald Borja Robles (hereinafter Defendant) was charged with the following counts: Count 1, Conspiracy to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Counts 2 to 8, Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1); Count 9, Conspiracy to Launder Proceeds of Drug

---

[1] Defendant requested a hearing on this matter. *See* ECF No. 111, at 12. However, the court finds it unnecessary to hear the matter and hereby issues its written decision without an oral argument.

1

Trafficking, in violation of 18 U.S.C. § 1956(h); Counts 10 to 16, Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and Count 17, Unlawful Possession of Firearms and Ammunition. *See* ECF No. 1.

On November 18, 2013, Defendant entered guilty plea to Counts 1, 9 and 17 of the Indictment. *See* ECF No. 38. A review the information contained in the Plea Agreement reveals that Defendant obtained methamphetamine from California by personally flying there and then mailing the purchased methamphetamine to Guam. *See* ECF No. 35, at 4-5. He also caused others to wire money to California for payments of the methamphetamine. *Id.*

On October 24, 2016, Defendant filed the instant motion, seeking the court to dismiss all counts, with the exception of Count 17 of the Indictment "on the ground that the Court is without jurisdiction thereof because some of the offenses with which he is charged therein are cognizable only in the State and northern federal judicial district of California and the other offenses with which he is charged therein are cognizable only in the State and eastern federal judicial district of California." ECF No. 111, at 1.

The substance of Defendant's arguments are as follows: the "constitutional rights" of the U.S. Constitution, specifically the Sixth Amendment, do not apply to Guam; that Guam is not a state nor a district; and that venue is improper, citing to 18 U.S.C. § 3237(a).[2] *See* ECF No. 111. These arguments are similar to the arguments that Defendant's counsel had previously brought before this court on three separate occasions, and the court had denied the motion each time. The court now denies the instant motion on the same bases as it had done in the other cases.

**a. Applicability of the U.S. Constitution to Guam and the Sixth Amendment.**

The Sixth Amendment of the U.S. Constitution provides that "[i]n all criminal

---

[2] The court notes that Defendant provided approximately three pages of block quote from *The Federalist No. 78* and cited to U.S. CONST. ART. III, § 1, and 48 U.S.C. § 1424b(a). *See* ECF No. 111, at 8-11. Defendant, however, failed to advance any argument or provide any analysis as to why he provided such citations and block quote.

2

prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of *the State and district wherein the crime shall have been committed*, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI (emphasis added).

The Sixth Amendment specifically refers to an "impartial jury of the State and district wherein the crime shall have been committed." Defendant argues that because Guam is neither a State nor a district, this court does not have jurisdiction over him and therefore, Counts 1 through 16 of the Indictment should be dismissed. *See* ECF No. 111, at 8.

The U.S. Constitution gave the U.S. Congress the authority to legislate laws and to "make all needful Rules and Regulations respecting the Territory[.]" *See* U.S. CONST. ART. IV, § 3, cl. 2. In accordance with its constitutional authority, Congress established the Organic Act of Guam, which sets forth Guam's Bill of rights. *See* 48 U.S.C. § 1421b. Therein, subsection (g) of § 1421b, provides that "[i]n all criminal prosecutions the accused shall have the right to a speedy and public trial; to be informed of the nature and cause of the accusation and to have a copy thereof; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

While subsection (g) is not a mirror image of the Sixth Amendment, subsection (u) applies the Sixth Amendment to Guam in its entirety. Subsection (u) provides in pertinent part that "[t]he following provisions of and amendments to the Constitution of the United States are hereby *extended to Guam* to the extent that they have not been previously extended to that territory and *shall have the same force and effect there as in the United States or in any State of the United States*: . . . *the first to ninth amendments inclusive* . . . ." (emphasis added). This

3

language could not be any clearer. Although Guam is a territory and not a State, subsection (u) applied the Sixth Amendment to Guam with "the same force and effect [in Guam] as in the United States or in any State of the United States[.]" *Id.*

Not only does the Sixth Amendment apply to Guam in its entirety with the same force and effect as in the United States or in any State of the United States, but Congress also established this court—the District Court of Guam, which "shall have the jurisdiction of a district court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, and that of a bankruptcy court of the United States." 48 U.S.C. § 1424(b). Although this court was established under Article IV and not under Article III and it may not have been enumerated as a "District Court" under Chapter 5 of Title 28 of the United States Code (Sections 81-131),[3] Section 1424(b) of Title 48 of the United States Code could not be any clearer as to this court having the same jurisdiction as a district court of the United States.

The United States Supreme Court recognized said jurisdiction in *Territory of Guam v. Olsen*. In that case, the issue presented before the court concerned appellate jurisdiction of the District Court from decisions of local courts in matters arising under local law. *Olsen*, 431 U.S. 195, 200 (1977). The Supreme Court, however, noted that the "District Court of Guam shall have the jurisdiction of a district court of the United States[.]" *Id.*

Consistent with the United States Supreme Court, the Ninth Circuit has held that pursuant to 48 U.S.C. § 1424, the District Court of Guam has jurisdiction to hear criminal cases involving violations of federal law. *United States v. Santos*, 623 F.2d 75, 76 (9th Cir. 1980). *See also United States v. Dowai*, 2016 WL 6068197, at *7 (Article IV courts, such as the District Court of Guam, "is empowered to hear federal criminal cases.").

---

[3] Chapter 5 of Title 28, U.S.C., governs the district courts of the United States.

4

Based on the foregoing, the court finds that the Sixth Amendment applies to Guam and that this court has jurisdiction over Defendant.

### b. Venue in Guam is Proper.

Pursuant to 18 U.S.C. § 3237(a), "[e]xcept as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed. Any offense involving the use of the mails, transportation in interstate or foreign commerce, or the importation of an object or person into the United States is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce, mail matter, or imported object or person moves."

Defendant argues that Guam is not a district and therefore the crime must be prosecuted in California. *See* ECF No. 111, at 7-8. As discussed above, the District Court of Guam "shall have the jurisdiction of a district court of the United States[.]" 48 U.S.C. § 1424(b). *See also Olsen*, 431 U.S. at 200. Therefore, the court finds that Guam is a district.

In this case, as contained in the plea agreement, Defendant personally flew to California to make the purchase and then mailed the purchased methamphetamine from California to Guam. Payments were wired from Guam to California. Accordingly, Guam is a proper venue because portions of the crimes occurred on Guam (drugs being mailed to Guam for distribution on Guam).

## II. CONCLUSION

Based on the discussion above, the court hereby **DENIES** Defendant Julian Gerald Borja Robles' motion to dismiss Counts 1 through 16 of the Indictment.[4] The court will issue a separate order setting this matter for sentencing.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge
Dated: Dec 07, 2016

---

[4] In the United States' opposition to Defendant's motion to dismiss, it brought to the court's attention that Defendant waived "any right to appeal or to collaterally attack any aspect of his conviction including, but not limited to, any pretrial dispositions of motions and other issues." ECF No. 35, at 9. Defendant argues that he has the right to attack this court's jurisdiction at any time. *See* ECF No. 114, at 2. Although this court is inclined to agree with the United States, the court need not examine this issue because it is denying Defendant's motion on the basis that this court has jurisdiction over Defendant as discussed above.

6