**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 13-00033 |
| Plaintiff, | |
| vs. | **ORDER** |
| JULIAN GERALD BORJA ROBLES, | |
| Defendant. | |

Before the court is Defendant Julian Gerald Borja Robles' handwritten letter ("Letter"). ECF No. 220. The court construes the letter as both a notice of appeal and a request for a certificate of appealability. For the reasons below, the court **DENIES** the request for a certificate of appealability and finds the notice of appeal to be untimely.

**I.  Background**

On August 7, 2019, Defendant filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 167. On August 25, 2021, the court denied this motion. ECF No. 219. On January 14, 2022, Defendant mailed, and on January 24, 2022, the court received the Letter. ECF No. 220.

The Letter contains three items. First, Defendant indicates he is "informing Court that I am appealing motion 2255 that was denied in 2021 to the 9th circuit court of appeals." *Id.*

Second, Defendant requests copies of the "final Brief and all paperwork pertaining to 2255 motion." *Id.* Finally, Defendant writes "proper procedure in asking the court to provide counsel to effectively file for me." *Id.*

## II. Discussion

"The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). In evaluating post-judgment motions, nomenclature is not controlling. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). Instead, a court will construe a motion, however styled, to be the type proper for the relief requested. *Id.*

Here, the court construes Defendant's Letter as a notice of appeal *and* a request for a certificate of appealability. *See* Fed. R. App. P. 22(b); *see also Alaimalo v. United States*, 2006 WL 572065, at *1 (D. Guam March 7, 2006) (construing notice of appeal as a request for a certificate of appealability); *United States v. Truong Minh Tu*, 2008 WL 2561600, at *1 n.1 ("Movant's request for a certificate of appealability is to be construed as a notice of appeal.").

"The issuance of a [certificate of appealability] is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion." *United States v. Martinez*, 359 Fed. App'x. 949, 951 (10th Cir. 2010) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); *see also* Fed. R. App. P. 22(b)(1) (An "applicant cannot take an appeal unless a circuit justice or a circuit judge or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

Here, Defendant's Letter, construed for this purpose as a request for a certificate of appealability, fails to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). The Letter is bare, indicating only that Defendant is informing the court that he will be appealing the denial of his motion to vacate under 28 U.S.C. § 2255. ECF No. 220. Because Defendant fails to make such a "substantial showing," the court DENIES Defendant's Letter insofar as it is construed as a request for a certificate of appealability.

Furthermore, "[w]hen the United States … is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B). Defendant mailed the Letter, construed for this purpose as a notice of appeal, on January 14, 2022, approximately 142 days after the court denied Defendant's motion to vacate pursuant to 28 U.S.C. § 2255. Thus, Defendant's Letter, insofar as it is construed as a notice of appeal, is untimely.

### III. Conclusion

For the foregoing reason, the court **DENIES** Defendant's Letter insofar as it is construed as a request for a certificate of appealability. The court also finds that Defendant's letter, insofar as it is construed as a notice of appeal, is untimely.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Apr 18, 2022**